# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM S32563**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Curtis J. DOWNEY**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 18 March 2020

———————————

*Military Judge:* Charles G. Warren.

*Approved sentence:* Bad-conduct discharge, confinement for 30 days, reduction to E-1, forfeiture of $1,092.00 for one month, and a reprimand. Sentence adjudged on 22 October 2018 by SpCM convened at Offutt Air Force Base, Nebraska.

*For Appellant:* Captain David A. Schiavone, USAF.

*For Appellee:* Major Michael T. Bunnell, USAF; Mary Ellen Payne, Esquire.

Before MINK, LEWIS, and RAMÍREZ, *Appellate Military Judges.*

Judge RAMÍREZ delivered the opinion of the court, in which Senior Judge MINK and Judge LEWIS joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

RAMÍREZ, Judge:

A special court-martial composed of a military judge alone convicted Appellant, in accordance with his pleas and pursuant to a pretrial agreement (PTA), of one charge and one specification of wrongful use of lysergic acid di-

ethylamide, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §912a.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 45 days, reduction to the grade of E-1, and forfeiture of $1,092.00 pay per month for two months. In accordance with the PTA, the convening authority approved one month forfeiture of pay of $1,092.00, and 30 days of confinement. He approved the remainder of the sentence as adjudged and, with the exception of the bad-conduct discharge, ordered the sentence to be executed.

Appellant raises one issue on appeal: whether the Government breached its PTA with Appellant when it executed the adjudged forfeitures 14 days after the announcement of sentence and beyond the amount the convening authority could approve under the PTA.[2] Finding no error, we affirm.

# I. BACKGROUND

After Appellant was sentenced on 22 October 2018, the post-trial processing of the case began. Fourteen days later, on 5 November 2018, in accordance with Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, ¶ 8.36 (8 Dec. 2017),[3] a representative of the staff judge advocate (SJA) sent the required notification memorandum of the adjudged sentence to the finance office, which was responsible for Appellant's pay. This memorandum is referred to as the "14-day letter." With regards to forfeitures, the 14-day letter explained that the adjudged forfeiture totaled "$1,092.00 pay per month for two months," and was silent on the one month of forfeiture the convening authority agreed to approve at action in the PTA. It also explained that the effective date of the forfeiture was 5 November 2018.

On 15 November 2018, the SJA prepared the staff judge advocate recommendation (SJAR). As it applies to the forfeiture, the SJAR explained that the military judge sentenced Appellant to forfeit "$1,092 per month for two months" and that the PTA only allowed for "forfeiture of $1,092 for one month." Additionally, the SJAR provided the convening authority with advice

---

[1] Unless otherwise stated, all references in this opinion to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] Appellant raises this issue, personally, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[3] This was the AFI in effect at the time of Appellant's post-trial processing, but before convening authority's action on 4 January 2019. It was not superseded until later by AFI 51-201 dated 8 January 2019.

as to what action he could take regarding the forfeiture to comply with the PTA—that he could only approve forfeiture of $1,092.00 pay for one month.

On 30 November 2018, Appellant filed his clemency matters and alleged error in that the legal office directed finance to take twice the forfeitures of Appellant's pay than were agreed to by the convening authority. He wrote, "My [PTA] capped my forfeitures at forfeiture of 2/3 pay[4] for one month. Unfortunately, this agreement has not been upheld by the Government as they are taking two months of my pay despite the PTA cap. In addition, the Air Force is taking more of my pay than what I was sentenced to forfeit." (Footnote added).

On 19 December 2018, the SJA prepared an addendum to the SJAR, which addressed the forfeiture issue. In the addendum, the SJA acknowledged that the PTA capped the forfeiture at $1,092.00 pay for one month. Her position, however, was that "[she] considered carefully the allegation of error, and [found] it to be without merit." The SJA explained that Appellant did not request a waiver or a deferment of the adjudged forfeitures, that any "mistake by finance" would be corrected, and that any forfeiture more than the convening authority approved at action would be reimbursed to Appellant. Since this addendum contained new matters it was served on the Defense, and Appellant and his trial defense counsel had 10 days from service to submit comments in response.

On 4 January 2019, the SJA prepared a second addendum to the SJAR, where the SJA indicated that the Defense elected not to submit any new clemency matters. Also on 4 January 2019, the convening authority took action in this case where, as it applies to the pay issue, only forfeiture of $1,092.00 pay for one month was approved.

There is nothing, however, before the court to determine whether the second month of forfeitures were actually taken from Appellant's pay; if so, whether the Defense Finance and Accounting Service corrected the situation; and the timing of the correction, if any.[5]

## II. DISCUSSION

### A. Law

---

[4] Appellant's reference to two-thirds pay is the equivalent to the $1,092.00 referenced in this opinion.

[5] Our court finds, however, that this information is not necessary for the determination of the raised issue.

"Interpretation of a [PTA] is a question of law, which we review de novo." *United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006) (citation omitted.) It is a mixed question of law and fact as to the issue of whether the Government has complied with the material terms and conditions of a PTA, and this court will look to all of the facts and circumstances for this determination. *Id.* This court not only looks to the terms of the PTA, but to the Appellant's understanding of the terms of the agreement as reflected in the record as a whole. *Id.*

"A [PTA] is a contract between the accused and the convening authority." *Id.* (citing *United States v. Acevedo*, 50 M.J. 169, 172 (C.A.A.F. 1999)). "Therefore, 'we look to the basic principles of contract law when interpreting pretrial agreements.'" *Id.* (citation omitted). However, because a pretrial agreement is a constitutional rather than a commercial contract and viewed in a criminal context, the Government is bound to keep its constitutional promises. *Id.* "Thus, financial remedies are not necessarily an appropriate or available remedy for breach of a plea agreement." *Id.*

Where the issue of pay is the material term at issue, a plea may be rendered improvident where the Government fails to provide the requisite pay. *See United States v. Smith*, 56 M.J. 271, 279 (C.A.A.F. 2002). An appellant has the burden of establishing (1) that a term or condition of the agreement was material to his decision to plead guilty; (2) that the Government failed to comply with that term or condition; and therefore, (3) that his plea was improvident. *Lundy*, 63 M.J. at 301–02.

In some cases, delayed payment in full is an insufficient remedy because the timing of the payment may itself be a material term of the agreement. *See United States v. Perron*, 58 M.J. 78, 85 (C.A.AF. 2003). Timing of payment is not material in every case, however. *See Lundy*, 63 M.J. at 303. This is why the court must evaluate the entire record to determine whether the timing of the payment was material to an appellant's decision to plead guilty. *Id.* (citing *Perron*, 58 M.J. at 85).

This court must first determine whether it has jurisdiction over Appellant's post-trial issue. *United States v. Towns*, 52 M.J. 830, 833 (A.F. Ct. Crim. App. 2000), *aff'd*, 55 M.J. 361 (C.A.A.F. 2001). Jurisdiction is a question of law we review de novo. *United States v. Buford*, 77 M.J. 562, 564 (A.F. Ct. Crim. App. 2017) (citation omitted). In *Buford*, this court explained that Article 66(c), UCMJ, 10 U.S.C. § 866(c), does not grant us unlimited power to "grant relief for an administrative matter unrelated to any legal deficiency and unconnected to the legality or appropriateness of a court-martial sentence." *Id.* at 565. Instead, the authority to grant relief must be rooted and limited to a legal deficiency that directly impacted a component of the sentence. *Id.* There must be a "nexus to the approved sentence." *Id.* at 563.

4

At the time of Appellant's court-martial,[6] Article 57(a)(1), UCMJ, 10 U.S.C. § 857 (a)(1), explained that "[a]ny forfeiture of pay . . . that is included in a sentence of a court-martial takes effect on the earlier of . . . (A) the date that is 14 days after the date on which the sentence is adjudged; or (B) the date on which the sentence is approved by the convening authority."

The version of AFI 51-201 that controlled at the time of Appellant's post-trial processing[7] explained that "[i]n all courts-martial with . . . adjudged forfeitures . . . the [SJA] of the office that prosecuted the case must send a memorandum by the most expeditious means available to the Air Force Personnel Center Enlisted Promotions Branch and the member's finance office . . . within twenty-four hours of the date the convening authority takes action under Rule for Courts-Martial 1107, or fourteen days after the sentence is adjudged, whichever is earlier." AFI 51-201, ¶ 8.36. It further directs that "[i]f any portion of the punishment or mandatory forfeitures is deferred, or if the convening authority waives any portion of the mandatory forfeitures prior to the date of the message, the memorandum must include the terms of such deferment or waiver." *Id.*

Article 57(a)(2), UCMJ, as written at the time, explained that, "[o]n application by an accused, the convening authority may defer a forfeiture of pay . . . that would otherwise become effective under paragraph (1)(A) until the date on which the sentence is approved by the convening authority."

## B. Analysis

### 1. Jurisdiction

The Government urges this court not to review Appellant's issue because it contends that this court does not have jurisdiction. Its position is that this is a pay dispute without a nexus to the approved sentence and that Article 66(c), UCMJ, does not grant this court jurisdiction on that basis. This court has recognized that when an appellant's dispute with military officials does

---

[6] While it does not affect the analysis, we note that after the sentence was adjudged, but before the convening authority took action in this case, Article 57, UCMJ, 10 U.S.C. § 857, *Effective date of sentences*, changed on 1 January 2019 so that it now reads, in pertinent part, "Any forfeiture of pay . . . that is included in a sentence of a court-martial takes effect on . . . the date that is 14 days after the date on which the sentence is adjudged." *See* Article 57(a)(1), UCMJ, as found in the *Manual for Courts-Martial, United States* (2019 ed.).

[7] While it does not affect the analysis, the court notes that on 18 January 2019, AFI 51-201 was reissued to include conforming policy brought about by the change to Article 57(a)(1), UCMJ. *See* AFI 51-201, ¶ 13.36 (18 Jan. 2019).

not concern the approved sentence, it is beyond this court's statutory authority. *See Buford,* 77 M.J. at 565.

In this case, we disagree with the Government's position. While the Government sees this as an approved sentence issue, we read Appellant's claim to be one of legal harm as it relates to pay subsequent to the adjudged sentence, but before the sentence was approved. Additionally, we agree with Appellant that this is also a matter aligned with his PTA. As such, consistent with Article 66(c), *Lundy*, *Acevedo*, and *Smith*, this Court finds that it has jurisdiction to address Appellant's claim.

### 2. The PTA and adjudged vs. approved forfeiture

Appellant argues that (1) the one-month cap on the forfeiture was a material term of the PTA; (2) that the sentence limitation contained in the PTA was a bargained-for benefit that the Government promised Appellant; and (3) that the moment the 14-day letter directed finance to withhold the adjudged forfeiture, it breached its agreement with Appellant.

Even accepting that Appellant has met his obligation of establishing that the forfeiture being capped at one month was material to his decision to plead guilty, we cannot conclude that the Government failed to comply with that term or condition.

It is clear what Appellant's responsibilities were—to accept legal and factual responsibility for his criminal actions by pleading guilty. It was clear what the convening authority's responsibilities were—to approve only certain capped punishments, including forfeitures. These two requirements are clear as they were terms of the PTA.

It is similarly clear what the SJA had as her responsibilities—which were not pursuant to the PTA, but instead in accordance with the UCMJ as well as the AFI. Pursuant to both Article 57 and AFI 51-201, as this was a court-martial with an adjudged forfeiture, the SJA of the command that prosecuted Appellant was required to, and did—through a military justice paralegal—send the 14-day letter to Appellant's finance office. Because Appellant did not request to defer the forfeiture, the 14-day letter was properly silent as to that issue. [8]

---

[8] We recognize that there was an error in the 14-day letter. However, this had to do with the amount of days of confinement listing them as 30 days of confinement adjudged, when the sentence was actually 45 days of confinement adjudged. Nonetheless, this did not prejudice Appellant and is not an issue raised for appellate review.

The SJA fulfilled her responsibilities, pursuant to the Article 57 and the relevant AFI, and Appellant did not file a request with the convening authority to defer the forfeiture of adjudged pay until the date on which the sentence was to be approved by the convening authority pursuant to Article 57(a)(2). Appellant received and signed a post-trial and appellate rights advisement which explained when adjudged forfeitures took effect and that he could request the convening authority defer them under Article 57(a)(2).

After consideration of the above, we conclude Appellant failed to meet his burden, and his claim fails. The court finds that the Government has complied with the material terms and conditions of the PTA.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

7